Per Curiam:
Abram F. Velo appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentences in three separate cases. We granted Velo's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed.
In 15CR2693, Velo was convicted of criminal possession of a firearm and received a sentence of 13 months' imprisonment. In 16CR1420 and 16CR2031, Velo was convicted in each case of possession of methamphetamine and received a sentence of 22 months' imprisonment in each case. The district court ordered the sentences to run consecutively and placed Velo on probation for 18 months in the first case and 12 months each in the last two cases.
The record reflects that Velo violated his probation on two separate occasions, and each time the district court imposed intermediate sanctions. Then, on June 9, 2017, the Stated alleged that Velo had violated his probation for the third time by failing to maintain employment, failing to report to his probation officer, failing to submit to substance abuse testing, and failing to maintain the GPS monitoring device in compliance with the court's order. At a hearing on July 18, 2017, based on Velo's stipulation and evidence presented by the State, the district court found that Velo had violated his probation on all the grounds alleged by the State. Velo requested that he remain on probation, or, in the alternative, that he receive modified sentences. In support of Velo's request, he pointed out that he had violated many of the conditions of his probation because he had contracted MRSA and he had become very ill and also that he would benefit from drug treatment which he could not receive in prison. However, the district court revoked Velo's probation and ordered him to serve his underlying prison sentences. Velo timely appealed in each case, and the cases have been consolidated on appeal.
On appeal, Velo claims the district court "abused its discretion when revoking [his] probation and imposing his underlying sentences." However, Velo acknowledges that the district court has discretion to revoke probation upon a showing that the defendant has violated the terms of probation.
The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. State v. Gumfory , 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. State v. Mosher , 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. State v. Stafford , 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See State v. Still , No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).
Here, the record reflects that Velo already had violated his probation on two prior occasions and received an intermediate sanction each time. He then violated his probation for a third time on multiple grounds. The district court's decision to revoke Velo's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Velo has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentences.
Affirmed.